UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| REGINOLD HARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: 6:20-cv-1672 |
| | ) |
| THE NASSAL COMPANY and | ) |
| PACESETTER PERSONNEL SERVICE | ) |
| OF FLORIDA, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ / | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff REGINOLD HARDEN ("Plaintiff" or "Harden"), files his Complaint against Defendants, THE NASSAL COMPANY ("Nassal") and PACESETTER SERVICE OF FLORIDA, INC., ("Pacesetter"), collectively "Defendants", and in support he states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") to redress Defendants' unlawful employment practices against Plaintiff including Defendants' unlawful discrimination, harassment, and retaliation against Plaintiff because of his race, leading to his unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and Section 1981.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Harden, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida.

6. Defendant, The Nassal Company, is a Florida For Profit Corporation with its principal place of business in Orlando, Florida.

7. Defendant, Pacesetter Personnel Service of Florida, Inc., is a Florida For Profit Corporation with its principal place of business in Houston, Texas.

8. At all times relevant Plaintiff worked for Defendants at 415 W. Kaley St., Orlando, Florida 32806.

9. Defendants are employers as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On June 21, 2019 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on race and retaliation.

12. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

13. On March 3, 2020, as to Defendant, The Nassal Company, the FCHR issued to Plaintiff a Determination: Reasonable Cause

14. On June 12, 2020, as to Defendant Pacesetter Personnel Service of Florida, Inc., the FCHR issued a Notice of Dismissal.

15. This Complaint was filed within one year of the FCHR's issuance of its Determination of Reasonable cause as to Defendant, The Nassal Company, and within four years of the FCHR's Notice of Dismissal as to Defendant, Pacesetters Personnel Service of Florida, Inc.

**FACTUAL ALLEGATIONS**

16. Plaintiff is an African American male.

17. Defendant discriminated against Plaintiff due to his race.

18. In June 2018, Pacesetter assigned Plaintiff to work for Nassal as a Scissor Lift Driver and was later moved to work in Nassal's Shipping and Receiving Department.

19. Soon after Plaintiff began working for Nassal, Nassal expressed interest in hiring Plaintiff full-time.

20. Jason Petrashek (Caucasian), contacted Pacesetter, specifically supervisor Ryan (last name known) in Pacesetters' Kissimmee, Florida office and advised that Plaintiff would be hired by Nassal.

21. During his employment, Plaintiff was the only African American employee in Nassal's Shipping and Receiving Department.

22. Nassal subjected Plaintiff to numerous discriminatory comments. For example, Mr. Petrashek told Plaintiff that he wanted to take Plaintiff to a coffee shop near Mr. Petrashek's house called "KKK." [1]

23. Mr. Petrashek informed Plaintiff that he would drive Plaintiff to the coffee shop in his personal car with a confederate flag, called "General Lee,"[2] and that would be "funny" to walk in to the KKK coffee shop with a black man.

24. On another occasion Mr. Petrashek told Plaintiff that white people did black people a favor by "giving them a free ride to America on a cruise ship," in reference to slave ships.

25. Nassal Project Manager, Peter Butler (Caucasian) overheard Mr. Petrashek's comment about slave ships and failed to take any remedial action thus perpetuating and ratifying the racial discrimination.

---

[1] The Ku Klux Klan "KKK" is an American white supremacist hate group.
[2] The General Lee is a car used in the television series Dukes of Hazzard and has a confederate flag which is a symbol of slavery and white supremacy, it emblazoned on its roof.

26. Mr. Petrashek stated that "all black people are lazy," referred to Plaintiff as "JJ" from the television show Good Times[3], and made reference to "black on black crime" while speaking with Plaintiff.

27. To further discriminate against Plaintiff, Mr. Petrashek would frequently remind Plaintiff that he was a minority and comment that Plaintiff was "an NWA," an acronym for "nigger with attitude."

28. Plaintiff was humiliated by the severe and pervasive discrimination in the workplace.

29. Upon information and belief, Plaintiff was paid less than his similarly situated Caucasian colleague, Billy Haynes.

30. Upon information and belief Nassal hired Carlos (last name unknown) who is Hispanic withing one week of his placement.

31. Further, Nassal also failed to hire Gary Perry (African American) after his probationary period due to his race.

32. Plaintiff reported the disparate treatment and discrimination to members of Nassal's upper management, including Cathy Daniels, Greg Pope, Mercedes (last name unknown), Orlando Anderson, and Peter Butler, who witnessed many of the discriminatory comments.

33. Plaintiff also reported the racial discrimination to Pacesetter, but no remedial action was taken.

---

[3] JJ was an African American character on Good Times who was portrayed as buffoonish and ignorant.

34. Defendants failed to take remedial action to address Plaintiff's complaints.

35. Defendants' failure to address the ongoing discrimination created a hostile work environment for Plaintiff and Plaintiff had no choice but to tender his resignation.

36. Plaintiff has been damaged by Defendants' illegal conduct.

37. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:  Race Discrimination in Violation of Title VII**

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 37 above.

39. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, African American.

40. During the course of Plaintiff's employment with Defendants, Defendants, by and through their agents and employees, discriminated against Plaintiff in the terms, conditions and privileges of employment in various ways, in substantial part because of his race in violation of Title VII.

41. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendants' unlawful employment practices.

42. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress.

43. Plaintiff is entitled to general and compensatory damages.

44. Defendants' conduct was willful, wanton, malicious and done in reckless disregard for the well-being of Plaintiff. Plaintiff is entitled to punitive or exemplary damages.

### Count II: Retaliation in Violation of Title VII

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

46. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendants.

47. Defendants engaged in intentional retaliation against Plaintiff for his participation in protected activity.

48. Defendants' conduct violated Title VII.

49. Defendants' discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

50. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

51. Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Unlawful Race Based Discrimination in Violation of Section 1981

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

53. Defendants discriminated against Plaintiff in violation of Section 1981.

54. Based on the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as non-African American employees.

55. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, hereby entitling Plaintiff to equitable monetary relief.

56. Plaintiff has also suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling him to compensatory damages.

57. Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights thereby entitling him to an award of punitive damages.

### **Count IV: Race Based Discrimination in Violation of the FCRA**

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-37 above.

59. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his race, African American.

60. Defendants are prohibited under the FCRA from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendants violated the FCRA by unlawfully discriminating against Plaintiff based on his race.

62. Defendants intentionally discriminated against Plaintiff on the basis of his race.

63. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

64. Defendants' unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count V: Retaliation in Violation of the FCRA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-37 above.

66. Plaintiff engaged in protected activity under the FCRA on more than one occasion.

67. Defendants intentionally retaliated against Plaintiff for engaging in protected activity.

68. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

69. Defendants' unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendants to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No.: 99040
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 106
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*